THE A. & F. BROWN COMPANY, A CORPORATION, RESPONDENT, v. THE C. PARDEE WORKS, A CORPORATION, APPELLANT.

Argued June 29, 1915—Decided November 15, 1915.

In a suit based on an order given to a manufacturer to make and furnish one double helical cast iron split gear, as per a blue-print and drawing furnished, in which the answer denies that a gear as agreed was made, and states that it was defective and not according to contract, it is not error for the court to charge the jury that there is no warranty in such a case. The Practice act of 1912 (*Pamph. L.* 1912, *p.* 391, § 40) requires that such a defence must be pleaded.

On appeal from the Supreme Court.

For the respondent, *Samuel Koestler.*

For the appellant, *Adrian Lyon.*

The opinion of the court was delivered by

BLACK, J.   This case was tried in the Union Circuit Court, resulting in a verdict for the respondent for $1,762.45. The subject-matter of the controversy was a cast iron split gear, made by the respondent for the appellant. The issues as presented by the pleadings were whether such a gear had been furnished and to recover a reasonable price for the making and furnishing the gear, described as one double

helical cast iron split gear, as per a blue-print and drawing furnished to the respondent by the appellant. The answer denies that the respondent made a gear as agreed and states that the said gear so received was defective and not according to contract. The issue thus made by the pleadings, was whether such a gear had been furnished. The jury found that it had and fixed the reasonable price, for making such a gear, at the sum of $1,762.45.

The only error complained of, and which is assigned as a ground of reversal, is as to the charge of the trial court to the jury. The court charged "there is no warranty in this case, and you have not any right to consider any question of warranty. * * * That as a machine is manufactured under a contract, according to a description furnished by the buyer, there is no implied warranty that it will do its work. * * * What they agreed to do was to furnish a gear which would comply with the blue-print which was furnished to them by the Pardee company at the time the order was given. If they did that thing, then of course they are entitled to recover. But there is no warranty that the thing would do any kind of work."

This was not error. The argument is, that the appellant relied entirely upon the respondent's skill and judgment, to set the teeth in such a way that they would work with the pinion, and that the law therefore required them to construct the gear in that particular, so that it would be fit for the purpose for which it was to be used, as to that, there was an implied warranty. Manifestly, the answer to this is that a warranty is outside of the issue that was made by the pleadings and by the testimony at the trial.

The Practice act of 1912 (*Pamph. L.* 1912, *p.* 391, § 40) provides that the answer must specially state any defence which is consistent with the truth of the material allegations of the complaint, and any defence which, if not stated, would be likely to cause surprise, or would raise issues not arising out of the complaint. There being no error in the record, the judgment is therefore affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, VREDENBURGH, WHITE, TERHUNE, HEPPENHEIMER, WILLIAMS, TAYLOR, JJ.   16.

*For reversal*—None.